# No. 24-50768

## In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KEISHA LYN SWARNER,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Texas, No. 5:22-cr-221

**BRIEF OF APPELLANT
KEISHA LYN SWARNER**

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, Texas 78205
Tel.: (210) 472-6700
Fax: (210) 472-4454

CARL R. HENNIES
Assistant Federal Public Defender

*Attorney for Defendant-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

**UNITED STATES v. KEISHA LYN SWARNER,**
No. 24-50768

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Keisha Lyn Swarner,** Defendant-Appellant;

2. **Margaret Leachman,** Acting U.S. Attorney;

3. **Jaime Esparza** and **Ashley C. Hoff,** former U.S. Attorneys;

4. **William Calve, Ray Gattinella,** and **Bettina J. Richardson,** Assistant U.S. Attorneys, who represented Plaintiff-Appellee in the district court;

5. **Maureen Scott Franco,** Federal Public Defender;

6. **David J. Kimmelman** and **Roland J. Garcia,** Assistant Federal Public Defenders, who represented Defendant-Appellant in the district court; and

7. **Carl R. Hennies,** Assistant Federal Public Defender, who represents Defendant-Appellant in this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

s/ Carl R. Hennies
CARL R. HENNIES
*Attorney for Defendant-Appellant*

## REQUEST FOR ORAL ARGUMENT

The district court imposed an illegal sentence when it sentenced Keisha Swarner to a 30-year supervised release term that far exceeds the statutory maximum of 5 years. Swarner requests oral argument to explain how the supervised release regime authorized by Congress applies in her case.

## TABLE OF CONTENTS

Request for oral argument ................................................................. ii

Table of authorities ......................................................................... iv

Jurisdiction ........................................................................................ 1

Introduction ...................................................................................... 2

Statement of the issue ...................................................................... 2

Statement of the case ....................................................................... 3

Summary of the argument ............................................................... 5

Standard of review ........................................................................... 5

Argument .......................................................................................... 6

   The district court imposed an illegal sentence because the 30-year supervised release term exceeds the statutory maximum. ................................................................................... 6

      A. The maximum term of supervised release depends on the severity of the offense and is generally limited to 5 years except for specific offenses. ........................................ 7

      B. For Swarner's offense, the maximum supervised release term was 5 years—far below the 30-year term the district court imposed. ............................................... 7

      C. The life statutory maximum term of supervision provided for in § 3583(k) does not apply because Swarner's offense is not among the listed offenses. ............ 9

Conclusion ....................................................................................... 12

iii

# TABLE OF AUTHORITIES

**Cases**

*BedRoc Ltd. v. United States,*
  541 U.S. 176 (2004) .................................................................. 10

*United States v. Barnes,*
  953 F.3d 383 (5th Cir. 2020) ....................................................... 6

*United States v. Bond,*
  414 F.3d 542 (5th Cir. 2005) ....................................................... 2

*United States v. Coil,*
  442 F.3d 912 (5th Cir. 2006) ..................................................... 11

*United States v. Flores,*
  130 F.4th 465 (5th Cir. 2025) ..................................................... 8

*United States v. Hopkins,*
  901 F.3d 518 (5th Cir. 2018) ....................................................... 8

*United States v. Leal,*
  933 F.3d 426 (5th Cir. 2019) .................................................... 6, 9

*United States v. Oswalt,*
  771 F.3d 849 (5th Cir. 2014) ....................................................... 5

*United States v. Vera,*
  542 F.3d 457 (5th Cir. 2008) ....................................................... 5

**Statutes**

18 U.S.C. § 13 ................................................................... 4, 7, 8, 11

18 U.S.C. § 3231 ....................................................................... 1

18 U.S.C. § 3559(a)(1) ............................................................... 9

18 U.S.C. § 3559(a)(2) ............................................................... 8

18 U.S.C. § 3583(a) .................................................................. 7

18 U.S.C. § 3583(b) ............................................................... 2, 7, 10

18 U.S.C. § 3583(b)(1) ............................................................ 7, 8, 9

18 U.S.C. § 3583(b)(2) .................................................................... 7

18 U.S.C. § 3583(b)(3) .................................................................... 7

18 U.S.C. § 3583(j) ......................................................................... 7

18 U.S.C. § 3583(k) ............................................................. 4, 7, 10

18 U.S.C. § 3742(a) ........................................................................ 1

21 U.S.C. § 841(b) .......................................................................... 7

28 U.S.C. § 1291 ............................................................................ 1

Texas Penal Code § 12.32(a) .......................................................... 8

Texas Penal Code § 43.25 ......................................................... 4, 11

Texas Penal Code § 43.25(b) .......................................................... 8

Texas Penal Code § 43.25(c) .......................................................... 8

**Rules**

Fed. R. App. P. 4(b)(1)(A)(i) ........................................................... 1

## JURISDICTION

This is an appeal from a final judgment in a criminal case alleging violations of federal law. The district court had jurisdiction under 18 U.S.C. § 3231. The district court entered its judgment on September 23, 2024. ROA.206. Swarner timely appealed three days later. ROA.213; *see* Fed. R. App. P. 4(b)(1)(A)(i). This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## INTRODUCTION

"Everyone knows that a judge must not impose a sentence in excess of the maximum that is statutorily specified for the crime." *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005) (cleaned up). But that is exactly what happened here. Federal law generally limits the maximum term of supervised release to 5 years. *See* 18 U.S.C. § 3583(b). Although Congress has authorized longer terms for specific offenses, Keisha Swarner was not charged with any of those offenses. Still, the district court sentenced Swarner to 30 years of supervised release—25 years longer than the maximum term. Because the district court's sentence is illegal, this Court should vacate Swarner's sentence and remand for resentencing within the statutory limits.

## STATEMENT OF THE ISSUE

Did the district court impose an illegal sentence that exceeds the statutory maximum when it sentenced Swarner to a 30-year supervised release term?

## STATEMENT OF THE CASE

**Swarner's background.** Swarner had a difficult childhood. Her father and her brothers emotionally and physically abused her and her mother. ROA.417. While her father treated Swarner's brothers very well, he neglected Swarner. ROA.417. And when she was 8 years old, Swarner was molested by a photographer at a relative's wedding. ROA.417. As an adult, Swarner suffers from posttraumatic stress disorder and depression because of this abuse as a child. ROA.418.

**Offense conduct.** In an effort to not repeat her traumatic childhood, Swarner was a very permissive parent. ROA.637. She was often more a friend—and less a parent—to her 12-year-old daughter. ROA.637. Swarner became very involved in her daughter's life, attempting to shield her from unhappiness. ROA.637. So when her daughter began dating her 13-year-old boyfriend, Swarner ignored proper boundaries and became inappropriately involved in their relationship. ROA.534, 637. In particular, she texted the boyfriend and induced him to engage in sexual conduct with her daughter. ROA.534–35.

**Indictment and plea.** The government charged Swarner with four counts, including a charge under the Assimilative Crimes Act,

18 U.S.C. § 13: inducing a child younger than 14 years of age to engage in sexual conduct in violation of Texas Penal Code § 43.25. ROA.171–74 (second superseding indictment). Swarner was charged under the Assimilative Crimes Act because she lived at Lackland Air Force Base, which is part of Joint Base San Antonio. ROA.534–35.

Swarner and the government entered into a plea agreement. ROA.532–45. Swarner agreed to plead guilty to the assimilated charge, and the government agreed to dismiss the other charges. ROA.532. Swarner also waived her "right to appeal the conviction or sentence on any ground, including … any challenges to the determination of any … term of supervision." ROA.537. The plea agreement reflected the parties' understanding that the assimilated charge was subject to a mandatory minimum supervised release term of 5 years and a maximum term of life. ROA.532–33. The magistrate judge repeated that range for supervised release when Swarner pleaded guilty. ROA.278.

**Presentence report.** Before sentencing, a probation officer prepared a presentence report. ROA.404–25. The probation officer stated that the district court "shall impose a term of supervised release of five years to life." ROA.420 (citing 18 U.S.C. § 3583(k)).

4

**Sentencing.** At sentencing, the district court stated that the statutory range for supervised release was 5 years to life. ROA.321. The district court then sentenced Swarner to 325 months' imprisonment followed by a 30-year supervised release term. ROA.207–08, 358.

## SUMMARY OF THE ARGUMENT

The statutory maximum supervised release term for Swarner's offense was 5 years. But the district court imposed a much longer term—30 years. The district court's sentence is illegal, so this Court should vacate Swarner's sentence and remand for resentencing.

## STANDARD OF REVIEW

This Court reviews de novo whether a supervised release term imposed by the district court exceeds the statutory maximum. *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). That is true even if the defendant did not preserve the objection below "because a sentence which exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error." *Id.* (cleaned up); *see United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014) (explaining

that "whether [a defendant] preserved error regarding the term of his supervised release is irrelevant").

For the same reason, the appeal waiver in the plea agreement—which states that Swarner "waives the right to appeal the conviction or sentence on any ground, including … any challenges to the determination of any … term of supervision," ROA.537—does not bar this appeal. This Court recognizes an exception to the general rule that appellate waivers are enforceable when "a sentence exceed[s] the statutory maximum." *United States v. Barnes*, 953 F.3d 383, 388–89 (5th Cir. 2020); *see United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019) (holding that defendant's "statutory maximum challenge is not barred by his waiver of appeal").

## ARGUMENT

**The district court imposed an illegal sentence because the 30-year supervised release term exceeds the statutory maximum.**

The district court imposed an illegal 30-year term of supervised release that exceeds the statutory maximum by 25 years. This Court should vacate Swarner's sentence and remand for resentencing within the statutory limits.

### A. The maximum term of supervised release depends on the severity of the offense and is generally limited to 5 years except for specific offenses.

Congress has authorized district courts, when imposing a term of imprisonment, to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). The maximum supervised release term generally depends on the severity of the underlying offense. *See id.* § 3583(b). For the most serious offenses, the maximum supervised release term is limited to 5 years. *Id.* § 3583(b)(1). For less serious offenses, the maximum is either 3 years or 1 year. *Id.* § 3583(b)(2), (3). But these maximums apply "[e]xcept as otherwise provided." *Id.* § 3583(b). Congress has provided for longer maximum terms of supervised release—often with mandatory minimum terms—for certain drug, terrorism, and sex offenses. *See* 21 U.S.C. § 841(b) (drug offenses); 18 U.S.C. § 3583(j) (terrorism offenses); *id.* § 3583(k) (sex offenses).

### B. For Swarner's offense, the maximum supervised release term was 5 years—far below the 30-year term the district court imposed.

Swarner was convicted of violating the Assimilative Crimes Act (ACA), 18 U.S.C. § 13. ROA.206. The ACA "provides a set of criminal laws for federal enclaves by the use of the penal law of the

7

local state to fill the gaps in federal criminal law." *United States v. Hopkins*, 901 F.3d 518, 520 (5th Cir. 2018). Someone who violates a state law on a federal enclave is "guilty of a like offense and subject to a like punishment." 18 U.S.C. § 13. State sentencing ranges set the minimum and maximum length for federal prison sentences imposed under the ACA. *United States v. Flores*, 130 F.4th 465, 468 (5th Cir. 2025).

The assimilated Texas statute that Swarner was convicted of violating designates the offense of inducing someone under the age of 14 to engage in sexual conduct as a first degree felony. Texas Penal Code § 43.25(b), (c). Under Texas law, a first degree felony is punishable by up to 99 years' imprisonment. Texas Penal Code § 12.32(a). So the maximum prison term for Swarner's assimilated crime was also 99 years' imprisonment. *See Flores*, 130 F.4th at 468.

The upshot is that Swarner's offense is classified as a Class B felony for sentencing purposes. 18 U.S.C. § 3559(a)(2) (offenses with a maximum term of imprisonment of 25 years or more—but not life imprisonment—are Class B felonies). And for a Class B felony, the authorized term of supervised release is "not more than five years." 18 U.S.C. § 3583(b)(1). So the statutory maximum supervised

8

release term the district court could have imposed was 5 years.[1] And the 30-year supervised release term the district court imposed is illegal.

### C. The life statutory maximum term of supervision provided for in § 3583(k) does not apply because Swarner's offense is not among the listed offenses.

It is not clear exactly why the district court—or the parties for that matter—believed that the statutory range for supervised release was 5 years to life. *See* ROA.304 (sentencing); ROA.278 (guilty plea); ROA.532–33 (plea agreement). Of course, it doesn't matter because "even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law." *Leal*, 933 F.3d at 430–31 (cleaned up). But the presence report provides a clue for their shared, but flawed, assumption.

---

[1] The district court proceedings frequently referred to the maximum prison term for Swarner's offense as life. *See* ROA.278 (guilty plea); ROA.532 (plea agreement); ROA.420 (presentence report). Even if that were the case, it would not change the maximum supervised release term. An offense punishable by life imprisonment is a Class A felony, 18 U.S.C. § 3559(a)(1), and the authorized term of supervised release for a Class A felony is not more than 5 years, *id.* § 3583(b)(1).

In the presence report, the probation officer stated that the district court "shall impose a term of supervised release of five years to life," citing 18 U.S.C. § 3583(k). ROA.420. That statute, in turn, provides:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life.

18 U.S.C. § 3583(k). In other words, for defendants convicted of the enumerated offenses, § 3583(k) provides for a statutory maximum supervised release term of life rather than the much lower default statutory maximums in § 3583(b) (which range from 1 to 5 years depending on the severity of the offense).

But § 3583(k) does not apply here for a simple reason—Swarner was not convicted of any of the specific offenses listed in the statute. That is the beginning and the end of the matter. *See, e.g., BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) ("[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous."). Because Swarner's conviction for violating 18

U.S.C. § 13—assimilating Texas Penal Code § 43.25—is not included on the list of offenses warranting a much higher statutory maximum term of supervised release, the probation officer incorrectly determined that § 3583(k) requires a supervised release term of at least 5 years and up to life. And if the district court also relied on § 3583(k) to justify its sentence, then the court also erred.

\*   \*   \*

The district court imposed a 30-year supervised release term that far exceeds the 5-year statutory maximum for Swarner's offense. Thus, this Court should vacate Swarner's sentence and remand for resentencing within the statutory limits. *See, e.g.*, *United States v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006).

## CONCLUSION

The Court should vacate Swarner's sentence and remand for resentencing within the statutory limits.

Respectfully submitted.

>M<span style="font-variant:small-caps">aureen</span> S<span style="font-variant:small-caps">cott</span> F<span style="font-variant:small-caps">ranco</span>
>Federal Public Defender
>
>s/ Carl R. Hennies
>C<span style="font-variant:small-caps">arl</span> R. H<span style="font-variant:small-caps">ennies</span>
>Assistant Federal Public Defender
>Western District of Texas
>300 Convent Street, Suite 2300
>San Antonio, Texas 78205
>(210) 472-6700
>(210) 472-4454 (Fax)
>
>*Attorney for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMIT

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,927 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook in body text and 13-point in footnotes.

s/ Carl R. Hennies
CARL R. HENNIES
*Attorney for Defendant-Appellant*

Dated: April 21, 2025
